UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN A. BAILEY,

                    Plaintiff,

    v.                                   Case No. 24-cv-517-pp

MICHAEL WEILAND, *et al.*,

                    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE (DKT. NO. 70) AND STAYING AND ADMINISTRATIVELY CLOSING CASE PENDING CONCLUSION OF PLAINTIFF'S STATE APPEALS**

---

Plaintiff Steven A. Bailey is proceeding under 42 U.S.C. §1983 against several officers from the Milwaukee Police Department. Dkt. No. 37. The plaintiff alleges that the officers used excessive force while arresting him, failed to intervene and stop the use of force and/or denied him proper medical attention. Id. At screening, the court allowed him to proceed under the Fourth and Fourteenth Amendment on these claims. Dkt. No. 41.

On June 20, 2025, the court received the defendants' motion to stay the proceedings "pending resolution of parallel criminal proceedings in the Wisconsin Court of Appeals." Dkt. No. 70. In an accompanying brief, the defendants explain that on March 19, 2023, the officers arrested the plaintiff after the events alleged in his amended complaint. Dkt. No. 71 at 1. The plaintiff was charged with sexual assault of a minor and on January 10, 2024, a jury found him guilty after trial. Id. at 2. On February 19, 2024, the state court sentenced the plaintiff to nineteen years' imprisonment. Id. Nine days later, he

filed his notice of intent to pursue post-conviction relief. Id.; see State v. Bailey, Milwaukee County Case Number 2023CF1237 (available at https:// wcca.wicourts.gov/case.html. The defendants do not detail the plaintiff's potential claims on appeal, likely because he has not yet filed an appeal or post-conviction challenge. But they assert without elaboration that under Younger v. Harris, 401 U.S. 37 (1971), this court "should administratively stay this civil suit for money damages pending the resolution of that appeal in the interests of equity, comity, [and] federalism." Id. at 2–3.

The plaintiff opposes the defendant's motion. Dkt. No. 75. He states that under the "Code of Federal Regulations, '[s]tays are not favored.'" Id. He asserts that "it would be a gross miscarriage of justice to implement any unreasonable or undue delay." Id. The plaintiff says that the defendants "were free to select counsel of their own choosing, of which inadequate staffing or scheduling conflicts should not be a concern of this court" and would "be punitive against the Plaintiff." Id. He asserts that he "has complied with all requirements and requests of this Court," and he insists that "the same is expected in return" from the defendants. Id.

Under Younger, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). This rule "is designed to permit state courts to try state cases free from interference by federal courts." Forty One News, Inc. v. County of Lake, 491 F.3d 662, 665 (7th Cir. 2007) (citations omitted). The Seventh Circuit has explained that even after a state trial has ended, a federal court must abstain from deciding "constitutional issues that are potentially subject to adjudication in [an] appeal" in state court. Simpson v. Rowan, 73 F.3d 134, 138 (7th Cir. 1995) ("*Younger* abstention is

therefore appropriate while the case works its way through the state appellate process."). The proper application of <u>Younger</u> requires the district court to stay, rather than to dismiss, the federal case seeking damages until the state proceedings conclude. <u>Gakuba</u>, 711 F.3d at 753 (citing <u>Simpson</u>, 73 F.3d at 138–39); <u>see</u> <u>Shaw v. County of Milwaukee</u>, Case No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022) (advising district courts to stay civil rights claims for monetary damages that "may become time-barred by the time the state prosecution has ended").

The plaintiff filed his §1983 complaint on April 29, 2024, only two months after he was sentenced in his state criminal case and filed his notice of intent to pursue post-conviction relief. In his federal complaint, the plaintiff challenges the actions of the Milwaukee Police Officers who apprehended and arrested him, leading to his criminal charge and conviction. The appeals process in his state case remains pending, though neither party details the basis for the appeal or the post-conviction motion that he plans to file. The docket from the plaintiff's state court criminal case shows the Wisconsin Court of Appeals most recently extended his deadline to file a post-conviction motion or a notice of appeal to July 29, 2025. <u>See</u> <u>State v. Bailey</u>, Case Number 2023CF1237 (docket entry of June 2, 2025). The court agrees with the defendants that there is a risk that any adjudication in this federal case could interfere with the state courts' resolution of the plaintiff's appeal or post-conviction challenge. The proper course is to stay this federal lawsuit "while the [state criminal] case works its way through the state appellate process." <u>Simpson</u>, 73 F.3d at 138. This case may resume only after the plaintiff has exhausted his state court appeals.

The plaintiff did not respond to the defendants' assertion that <u>Younger</u> applies in these circumstances. He contends only that the court should not stay

this case because of "inadequate staffing or scheduling conflicts." But the defendants did not request a stay based on inadequate staffing or scheduling conflicts, and do not mention inadequate staffing or scheduling conflicts in their motion or brief. The plaintiff's general statement that "stays are not favored" is not an adequate reason to deny the defendants' motion. That also is a curious position for the plaintiff to take, given that the plaintiff himself has, in the past, asked the court to stay the proceedings. Dkt. No. 76.

The court **GRANTS** the defendants' motion to stay the proceedings pending the plaintiff's exhaustion of his state court appellate remedies. Dkt. No. 70. The court **ORDERS** that this case is **STAYED**.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED**. The court will reopen this case only after the plaintiff notifies the court that his state court appeals have concluded.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2025.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

4