UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN A. BAILEY,

                Plaintiff,

v.                                                        Case No. 24-cv-517-pp

MICHAEL WEILAND, *et al.*,

                Defendants.

---

**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DKT. NO. 79), DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM ORDER, FOR LEAVE TO AMEND COMPLAINT AND TO COMPEL DISCOVERY (DKT. NOS. 84, 85, 90, 91, 92, 97) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 94)**

---

On July 23, 2025, the court granted the defendants' motion to stay the proceedings until the plaintiff had exhausted his appellate remedies in his state court criminal case. Dkt. No. 82. The court administratively closed this federal case and ordered that it would "reopen this case only after the plaintiff notifies the court that his state court appeals have concluded." Id. at 4.

The same day the court entered that order, the defendants moved for a protective order. Dkt. No. 79. The plaintiff also has filed several motions since the court ordered this case stayed and administratively closed. This order addresses the pending motions.

**I.    Defendants' Motion for a Protective Order (Dkt. No. 79)**

The defendants seek a protective order under Federal Rule of Civil Procedure 26(c) "and the Court's inherent authority." Dkt. No. 79. The defendants ask the court to grant them "relief from discovery deadlines pending decision upon Defendants' motion to stay these proceedings." Id. (citing Dkt. No.

70). They alternatively ask the court to "forbid[ ] inquiry into aspects of the Milwaukee Police Department's criminal investigation that are not relevant to the claims raised in this civil suit." Id. The defendants also filed a declaration from defense counsel, who avers that he has not been able to reach the plaintiff by phone and that he filed this motion without having met and conferred with the plaintiff first. Dkt. No. 80. He attached to that declaration copies of the plaintiff's discovery requests dated June 14, 2025. Dkt. No. 80-1.

      The plaintiff opposes the defendants' motion. Dkt. No. 83. The plaintiff asserts that if the court were to grant the defendants' requests, that order would prohibit him from learning "the who what and when" of the defendants' actions during and after the relevant events. Id. at 1. He also claims, without elaboration, that the defendants "fab[ri]cated the evidence," and he asks the court to order the defendants to respond to his discovery requests. Id. at 1–2. The plaintiff asks the court to reconsider the defendants' motion to stay, and he asks to proceed on his Fourth Amendment claims. Id. at 2–3.

      A party from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). For good cause, the court may issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Id. The moving party may seek an order "forbidding the disclosure or discovery" of information or imposing several other discovery interventions. Fed. R. Civ. P. 26(c)(1)(A).

      The defendants ask the court to stay the discovery deadline and relieve them from the obligation of responding to the plaintiff's discovery requests pending the court's decision on their motion for stay. The defendants alternatively ask the court to forbid the plaintiff from seeking information that the defendants assert is not relevant to his claims in this case. These requests

are moot because the court has granted the defendants' request to stay, stayed all proceedings and administratively closed the case. That means that neither party is required to—or should—serve or respond to discovery, and no further litigation activity will occur, until the plaintiff tells the court that he has exhausted his state court appeals. See Dkt. No. 82.

The court reminds the plaintiff that until the court reopens this case, he must not serve discovery requests on defense counsel, and the defendants have no obligation to respond to any requests that the plaintiff sends. Once the plaintiff notifies the court that he has exhausted his state court appeals, and the court reopens this case, the court will set new deadlines for the parties to complete discovery. Even then, the parties must limit their discovery requests to information that is relevant to the issues in this case. See Fed. R. Civ. P. 26(b). The court will consider the plaintiff's requests to reconsider the previous order in the next section addressing his motions for relief.

## II. Plaintiff's Motions for Relief from Order (Dkt. Nos. 84, 85)

The plaintiff has twice moved for relief from the July 23, 2025 order under Federal Rule of Civil Procedure 60(b). Dkt. Nos. 84, 85. His first motion simply reiterates that he wants to proceed on his Fourth Amendment claims of excessive force. Dkt. No. 84. His second motion recites the text from Rules 60(a) and (b) and reiterates that he wants to proceed on his claims. Dkt. No. 85.

The defendants oppose the plaintiff's motions. Dkt. No. 88. The defendants summarize the history of the case and the plaintiff's state criminal matter, emphasizing that his post-conviction appeal remains pending. Id. at 1 (citing State v. Bailey, Milwaukee Circuit Court Case No. 2023CF1237 (available at https://wcca.wicourts.gov/case.html)). They assert that the court should deny the plaintiff's motions because the administrative stay that the court

ordered "is not a final judgment" and because "none of the circumstances specified in Fed. R. Civ. P. 60(b) apply here." Id. at 2. They also contend that the plaintiff "has made no effort to connect the circumstances here to any specified grounds for relief under Fed. R. Civ. P. 60(b) and the Court need not consider under-developed arguments." Id.

In reply, the plaintiff asks the court to deny the defendant's brief in opposition. Dkt. No. 89. He says that he "didn't get the brief," does not "know was [sic] in the brief" and only received the notice of electronic filing. Id.

Rule 60(b) allows a party to move for relief from a final judgment or order. That rule does not apply here because the court has not entered a judgment or dismissed this case. The court's July 23, 2025 order stayed this case only temporarily and administratively closed it. The court infers that the plaintiff is asking the court to reconsider or review its order under Federal Rule of Civil Procedure 54(b), which allows a court at any time before entry of judgment to revise an order or decision "that adjudicates fewer than all the claims . . . [and] does not end the action as to any of the claims or parties." Motions for reconsideration are limited to correcting manifest errors of law or fact or allowing plaintiff to present newly discovered evidence. Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). They are not a vehicle for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has provided no reasoning in support of his motions. He merely cites Rules 60(a) and 60(b) and asks to proceed on his claims. He does not say whether he believes the court committed a manifest error of law or fact or that he has newly discovered evidence. But in both motions for relief from the previous order, and in his response opposing the defendants' motion for a protective order, the plaintiff cites McDaniel v. Milwaukee Police Dep't, Case No. 24-CV-504, 2024 WL 3273793 (E.D. Wis. July 2, 2024). That decision is a screening order from Judge Stadtmueller in another civil rights case brought under 42 U.S.C. §1983. In that case, the plaintiff sought to proceed against Milwaukee Police Department officers on eight claims under §1983. Id. at *2. Judge Stadtmueller's decision recounts that plaintiff McDaniel was sentenced in a state case in October 2022, and that he had "persistently attempted to seek appellate review." Id. at *3. Judge Stadtmueller did not allow the plaintiff to proceed on claims that sought to challenge his state court conviction or sentence, explaining that the plaintiff "must exhaust his state court remedies" for those claims before commencing a civil action under §1983. Id. at *4. But Judge Stadtmueller *did* allow the plaintiff to proceed on Fourth Amendment claims of excessive force because he determined that those claims will "not 'necessarily impl[y] the invalidity of [Plaintiff's] conviction' in the State Case." Id. at *5 (quoting VanGilder v. Baker, 435 F.3d 689, 692 (7th Cir. 2006)).

Although the plaintiff has not provided any details about the McDaniel decision, the court infers that the plaintiff is asserting that his case is similar to McDaniel and that he also should be allowed to proceed on his Fourth Amendment claims against the officers that he has sued. The court recounted in its July 23, 2025 order staying this case that the plaintiff's federal complaint "challenges the actions of the Milwaukee Police Officers who apprehended and

5

Case 2:24-cv-00517-PP    Filed 09/23/25    Page 5 of 11    Document 98

arrested him, leading to his criminal charge and conviction." Dkt. No. 83 at 3. The court explained that the plaintiff's state court appeals challenging his conviction remained pending, "though neither party details the basis for the appeal or the post-conviction motion that he plans to file." Id. At the time, the plaintiff's deadline to file a post-conviction motion or a notice of appeal was July 29, 2025. Id. (citing State v. Bailey, Case No. 2023CF1237 (docket entry of June 2, 2025)). The docket from the plaintiff's state court case shows that on July 28, 2025, his attorney filed a "No Merit Notice of Appeal" and a "No Merit Statement on Transcript." Id. (docket entries of July 28, 2025). A decision from the Wisconsin Court of Appeals remains pending.

Because the plaintiff's state court appeals have not yet concluded, the court will deny the plaintiff's motions for reconsideration of (or relief from) its July 23, 2025 order. The plaintiff has not stated any reason why it now would be appropriate to proceed in this case while his state court appeals continue. The basis for the plaintiff's appeal remains unknown, though the court can infer from the filings in his state case that his attorney believes he has no meritorious basis for an appeal. Given this continued uncertainty, the court finds that, to avoid "interfere[ing] with the state courts' resolution of the plaintiff's appeal or post-conviction challenge," it remains appropriate to abstain from deciding the constitutional issues in this case until the plaintiff exhausts his state court appeals. Dkt. No. 83 at 2–3. The court reiterates that it will reopen this case only after the plaintiff notifies the court that his state court appeals have concluded.

### III.  Plaintiff's Motions to Amend Complaint (Dkt. No. 90, 91)

The court also received from the plaintiff two motions seeking leave to amend his complaint. Dkt. Nos. 90, 91. The plaintiff first asks to add a Fourth
6

Amendment claim of "illegal search and seizure" against dismissed defendant Keith Miller for taking and keeping the plaintiff's cell phone. Dkt. No. 90. His second motion seeks to add a claim against Andrew Holzem, who the plaintiff also named as a defendant in his original complaint. Dkt. No. 91. The plaintiff cites two pages from an unknown fifty-nine-page document, which state that he was in a wheelchair and asked Holzem "why the police beat him up." Id. The plaintiff says that Holzem used "video of [the plaintiff] unconscious at his trial." Id.

The court will deny these motions for several reasons. First, this case remains closed, and the court has stayed all proceedings. That includes requests to amend a pleading. Second, even if the proceedings were not stayed, neither of the plaintiff's motions complies with the court's local rules for amending pleadings. The court explained in an April 2, 2025 order denying the plaintiff's request for additional time to file a second amended complaint, that Civil Local Rule 15 (E.D. Wis.) requires a party "asking the court for permission to file an amended complaint to 'reproduce the entire pleading [complaint] as amended,' attach the proposed amended complaint to the motion and 'state specifically what changes are sought by the proposed amendments.'" Dkt. No. 48 at 2 (quoting Civil L.R. 15(a)–(b)). The plaintiff's motions only vaguely state the changes he wants to make, and he did not attach any proposed amended complaint with the proposed changes. As the court previously explained, the plaintiff's failure to comply with these rules is reason to deny his motions for leave to amend his complaint. Id. (citing McCurry v. Kenco Logistics Servs., LLC, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district courts may strictly enforce local rules against pro se parties)).

7

Case 2:24-cv-00517-PP    Filed 09/23/25    Page 7 of 11    Document 98

Even if the court decided not to deny the plaintiff's motions for the reasons just discussed, it would be inappropriate to allow him to amend his complaint to add these new claims to this case. The plaintiff asks to reinstate defendant Miller and to proceed against him on a Fourth Amendment claim that Miller illegally searched and seized the plaintiff's cell phone and continues to hold the phone in his possession. The plaintiff also seeks to reinstate defendant Holzem and proceed on a claim involving his use of a video at his trial. In its December 2, 2024 screening order, the court did not allow the plaintiff to proceed on different claims against these defendants that he had alleged in his original complaint. Dkt. No. 29. The plaintiff also may not proceed on these new claims because, as far as the court can tell, they are not related to the Fourth and Fourteenth Amendment claims on which he is proceeding, and they are alleged against different defendants. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). Claims against multiple defendants are appropriate only if all the claims alleged "arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (quoting Fed. R. Civ. P. 20(a)(1)(A)). The plaintiff does not explain how or whether these new claims relate to the defendants' alleged use of excessive force during his arrest and failure to provide him medical treatment after his arrest. Although it is possible one or both new claims *could* relate to his proceeding claims, the plaintiff has not provided enough detail for the court to determine whether they are related.

Finally, even if the plaintiff had provided sufficient information for the court to determine that his new claims are related to his existing ones, it still would not be appropriate for the court to grant him leave to amend his

complaint to add the new claims. The plaintiff amended his complaint once before, dkt. no. 37, and the court denied his request for additional time to file a second amended complaint, dkt. no. 48. The court advised the plaintiff "to think about whether he really needs to file a second amended complaint" and explained that the court has the authority to deny him permission to amend again "for several reasons, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Dkt. No. 48 at 2–3 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The plaintiff's current motions for leave to amend his complaint do not explain why he waited this long to seek to add these claims against Miller and Holzem. The plaintiff previously named these persons as defendants and must have known then about the actions that he now asserts violated his rights. Allowing these amendments would delay this case further and significantly prejudice the defendants, who would have to file a second amended answer and respond to new allegations against two persons who currently are not defendants. These concerns provide the court additional reasons to deny the plaintiff's current motions to amend his complaint. They also would inform the court's decision regarding any future motions that the plaintiff files seeking to amend his complaint yet again.

      For all these reasons, the court will deny the plaintiff's motions for leave to amend his complaint. His amended complaint (Dkt. No. 37) remains the operative complaint.

## IV. Plaintiff's Motions to Compel Discovery and Appoint Counsel (Dkt. Nos. 92, 94)

The plaintiff moves under Federal Rule of Civil Procedure 37 for an order compelling the defendants to respond to discovery requests that he says he served on the defendants on June 27, 2025. Dkt. No. 92. He also asks the court to appoint him an attorney because he cannot afford to hire one on his own, his issues are complex and he has limited access to the law library and limited legal knowledge. Dkt. No. 94. He attached copies of letters that he says he sent to attorneys seeking their assistance. Dkt. No. 96-1.

The court will deny these motions because, as the court has explained, this case remains administratively closed and all proceedings are stayed. That means the parties may not conduct discovery, and the defendants do not need to respond to the plaintiff's requests for discovery. After the plaintiff's state court appeals conclude and the court lifts re-opens the case, the plaintiff may again request the court's assistance in recruiting him an attorney. But before the court will attempt to find an attorney to represent the plaintiff, he will need to show that he *requires* a lawyer's assistance to litigate this case adequately. See Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (citing Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)); see also Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) ("Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." (quotation omitted)).

## V. Plaintiff's September 17, 2025 Motion (Dkt. No. 97)

Finally, on September 17, 2025, the court received another filing from the plaintiff that the clerk's office docketed as a third motion to amend his complaint. Dkt. No. 97. The first page of this motion is identical to the plaintiff's first motion to amend his complaint (Dkt. No. 90). Id. at 1. The second page

appears to be a second request for production of discovery or additional grounds in support of the plaintiff's first motion to compel discovery. Id. at 2. Pages three and four are additional grounds in support of the plaintiff's motion to appoint counsel. Id. at 3–4.

The court has addressed the plaintiff's requests to amend his complaint, compel discovery and appoint counsel. The court will deny this mixed motion for the same reasons the court has already explained above.

## VI. Conclusion

The court **DENIES AS MOOT** the defendants' motion for a protective order. Dkt. No. 79.

The court **DENIES** the plaintiff's motions for relief from the previous order, for leave to amend his complaint and to compel discovery. Dkt. Nos. 84, 85, 90, 91, 92, 97.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 94.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**